UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ABDELKARIM ELBEGHDAD,**

       **Plaintiff,**

v.                                                                     Case No.: 2:07-cv-0020
                                                                      Judge Smith

**UNITED STATES CITIZENSHIP and**           Magistrate Judge Kemp
**IMMIGRATION SERVICES,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Defendant United States Citizenship and Immigration Services' Motion to Dismiss for Lack of Jurisdiction (Doc. 13).  Plaintiff has not filed a response.

Plaintiff Abdelkarim Elbeghdad initiated this *pro se* case on January 17, 2007, essentially requesting the Court to review his application for naturalization and order Defendant to grant his application.  On June 30, 2008, the United States Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS") adjudicated Plaintiff's naturalization application (Form N-400).  The application was approved and Plaintiff was notified that he was to appear on July 29, 2008, for a Naturalization Oath Ceremony.  Defendant, therefore, argues that Plaintiff's action should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 72 (1983).  The Supreme Court held that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed." *Arizonians for Official English*, 520 U.S. 43, 67 (1997), *citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  Where the question of mootness arises, the court must resolve it before it can assume jurisdiction.  *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  A petition for mandamus to compel agency action is rendered moot when the agency takes action which grants the relief requested in the mandamus petition.  *Thompson v. United States Dep't of Labor*, 813 F.2d 48, 51 (3rd Cir. 1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); *Gray v. Office of Personnel Management*, 771 F.2d 1504, 1514 (D.C. Cir. 1985) (mandamus to compel agency decision became moot when agency rendered decision).

In the case at bar, the Court lacks jurisdiction as there is no justiciable case or controversy.  Plaintiff has received the relief sought, his naturalization application was approved. "It is of no consequence that the controversy was live at earlier stages in this case; it must be live when we decide the issues."  *Doe v. LaFleur*, 179 F.3d 613, 615 (8th Cir. 1999).  The Court therefore finds that this case should be dismissed as moot under Federal Rule of Civil Procedure 12(b)(1), because the United States Citizenship and Immigration Services ("USCIS") has adjudicated and approved Plaintiff's application since the time he initiated this lawsuit. Accordingly, Plaintiff's Motion seeking the relief sought in his complaint shall also be dismissed as moot.  Final judgment shall be entered in favor of Defendant.

The Clerk shall remove Documents 9 and 13 from the Court's pending motions' list.

The Clerk shall remove this case from the Court's pending cases' list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**